[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before this court is the construction to be given the provisions of paragraph 18 of a ground lease presently having as its lessors Leslie and Lillian Beatman and its lessee Shri Nathji, Inc.
 Paragraph 18 of said Lease, as amended provides as follows:
 If the property is partially condemned by proper authority and this does not materially interfere with the use of the premises by Imperial, the rent shall be proportionately abated for the balance of the term remaining; if such condemnation is total or materially affects the use of the premises by Imperial, this Lease shall thereupon be deemed terminated and the damages allowed in such condemnation proceedings shall first be used to pay and discharge in full any and all then existing mortgage or mortgages and other encumbrances on the property, and the balance remaining shall be divided between Lessor and Imperial as their interests CT Page 6613 appear.
On August 2, 1999 the defendant, Shri Nathji, Inc. filed a motion for a Determination of Equities pursuant to Conn. Gen. Stat. § 8-132a. The town of East Hartford had taken by condemnation the property 927 Main Street, East Hartford, Connecticut owned by the Beatmans and ground leased to Shri Nathji, Inc. A deposit of $765,000 was made by the Town.
On November 22, 1999 the Beatmans and Shri Nathji, Inc. entered into a stipulation under which $300,000 of the $765,000 deposit was to be used to pay off the outstanding mortgage on the premises. The Stipulation further provided that the balance remaining of $465,000 was to be placed in a joint interest bearing account for distribution to the respective parties as determined by the court pursuant to Conn. Gen. Stat. §8-132a. An evidentiary hearing was scheduled for June 23, 2000.
The Beatmans now claim that the lease, as amended, terminated as of the date of the taking on July 2, 1999 and that therefore Shri Nathji, Inc. has no interest in the balance on deposit.
The Beatmans cite as authority for their position Waesche v.Redevelopment Agency, 155 Conn. 44 (1967) which authority is also cited by the defendant Shri Nathji, Inc. for their position that even though an automatic termination agreement was contained in paragraph 18 of the lease, that same paragraph made provision for a determination of the rights of the Lessor and Lessee as they appear.
The Supreme Court stated in Waesche v. Redevelopment Agency, supra, at 50:
 "It is possible, of course, to include in an automatic termination agreement, a clause containing provisions as to the rights of the Lessor and the Lessee in the condemnation award, and such provisions are valid and enforceable according to their terms".
This court finds this language dispositive of the issue before us. There is clear and unambiguous language in paragraph 18 that provision was made for a determination of the interests of the Lessor and Lessee in the condemnation award.
The Beatmans contend that no interests remain in the Lessee since under the lease all improvements were to revert to the Lessor at the end of the term of the lease. This ignores the fact that some 29 years remained in the lease term. The court in Canterbury Realty Co. v. Ives, 153 Conn. 377,384 (1966) specifically references a lessee's lease as constituting a CT Page 6614 right or interest in property and that a lessee is entitled to receive a fair equivalent in money for the loss of his lease. There may be other interests but the determination of interests such as they may appear is not before this court. This court concludes that under the terms of the lease following the automatic termination resulting from condemnation a determination is to be made of the interests of the lessor and lessee in the deposit of money made by the condemning authority. The evidentiary hearing scheduled for this purpose is to take place on June 23, 2000. Under this courts ruling that hearing will go forward.
Hennessey, J.